SIMPSON v. BERKOWITZ.

(Supreme Court, Appellate Term. March 5, 1908.)

COURTS—MUNICIPAL COURT—APPEAL—RETURN—MATTERS OMITTED.

In summary proceedings by a landlord against a tenant, the defense being that title had vested in the city, the question whether a resolution by the board of estimate and apportionment operated to change the date on which the city should acquire title cannot be considered on appeal, where such resolution is not included in the return from the Municipal Court, though it appears therefrom that it was received in evidence, and in such a case the return will be sent back for correction accordingly.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Jeruchim H. Simpson, landlord, against Harry Berkowitz, tenant. From a final order in favor of the tenant, the landlord appeals. Return remitted for correction.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Edward H. Hawke, Jr. (Frank O'Connor, of counsel), for appellant.

Jacob Manheim and Harry A. Gordon, for respondent.

PER CURIAM. The sole question involved in this appeal depends, for its actual presentation to the court, upon the adoption of a resolution by the board of estimate and apportionment, which is asserted to have operated to change the date when title to the premises, leased to the tenant (respondent) was to vest in the city of New York. It would appear from the return that the record of this resolution was received in evidence on behalf of this appellant; but the exhibit was not spread upon the minutes and is not before the court in any form. Title was to vest in the city on October 8, 1907, and the determination in favor of the tenant was obviously correct, if this date had not been changed by some act done pursuant to authority of law. If the board of estimate and apportionment had power to change the date, and did change it, as the appellant contends, the final order would necessarily be erroneous; but we cannot receive evidence upon the hearing of an appeal, for the purpose of reversing the determination of the lower court. The exhibit, however, may be readily identified by the justice and its contents included in the return, which will be sent back for correction accordingly.

Return remitted to the files of this court for correction.